**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRY DEAN BATES,

      Petitioner-Appellant,

v.

LENORA JORDAN,

      Respondent-Appellee.

No. 99-5144

(D.C. No. CV-98-973-H)
(N.D.Okla.)

**ORDER AND JUDGMENT** *

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Terry Dean Bates, an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. We deny his request for a certificate of

_____

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appealability and dismiss the appeal.

I.

In early 1992, Bates was charged in the District Court of Pawnee County, Oklahoma, with various sex crimes. On October 19, 1992, Bates pled guilty to four of those charges: attempted rape, sexual battery, first degree rape, and oral sodomy, all after former conviction of a felony. Immediately following the entry of his guilty plea, Bates was sentenced to concurrent terms of imprisonment of twenty years (attempted rape), ten years (sexual battery), life (first degree rape), and twenty years (oral sodomy). On November 2, 1992, Bates filed a pro se motion to withdraw his guilty plea. The motion was summarily denied by the trial court on November 30, 1992, and Bates did not attempt to file a direct appeal.

On July 18, 1995, Bates filed a pro se pleading with the trial court entitled "Application for Leave to Appeal Out of Time, In the Alternative Petitioner Requests an Order Vacating the Order Denying Application to Withdraw Guilty Plea." The trial court construed the pleading as an application for post-conviction relief, appointed counsel for Bates, conducted an evidentiary hearing, and ultimately denied relief on January 27, 1997. Bates appealed to the Oklahoma Court of Criminal Appeals, which affirmed the trial court's denial of post-conviction relief on May 8, 1997.

On May 28, 1998, Bates filed a second application for post-conviction

relief with the trial court. The trial court summarily dismissed the application on June 15, 1998. Bates appealed the trial court's order to the Oklahoma Court of Criminal Appeals, which affirmed the trial court's decision on August 21, 1998.

Bates filed his federal habeas petition on October 7, 1998. Respondent moved to dismiss, asserting Bates' petition was untimely. On July 2, 1999, the district court granted the motion to dismiss and dismissed Bates' petition. Although Bates requested a certificate of appealability, the district court denied his request. Bates now seeks a certificate of appealability from this court.

II.

On April 24, 1996, Congress amended what had been "the long-standing prior practice in habeas corpus litigation that gave a [state] prisoner virtually unlimited amounts of time to file a habeas petition in federal court," and "established a one-year period of limitations for [federal] habeas petitions." Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)). By statute, the one-year period of limitations generally begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For prisoners whose convictions became final prior to April 24, 1996, however, the new "one-year statute of limitations does not begin to run until April 24, 1996." Hoggro, 150 F.3d at 1225; United States v. Simmonds,

3

111 F.3d 737, 744-46 (10th Cir. 1997).

The one-year period of limitations can be tolled by ongoing post-conviction litigation in state court. See Hoggro, 150 F.3d at 1226. In particular, 28 U.S.C. § 2244(d)(2) provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year period of limitation. We have also indicated the one-year period of limitations "may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 119 S. Ct. 210 (1998).

Here, a review of the record on appeal demonstrates, without question, that Bates' federal habeas petition was untimely. Because Bates' state convictions became final prior to the enactment of the AEDPA, his one-year period of limitations for filing a federal habeas petition began running on April 24, 1996, the effective date of the AEDPA. From that date through May 8, 1997, the limitations period was tolled due to the pendency of Bates' application for state post-conviction relief. After May 8, 1997, the limitations period ran unabated and expired on May 8, 1998, approximately seventeen months prior to the filing of Bates' federal habeas petition. Although Bates argues the limitations period should have been tolled until the Oklahoma state courts resolved his second application for post-conviction relief, he offers no reason why we should

4

equitably toll the lengthy period of time between the completion of his first application for post-conviction relief (May 8, 1997) and the filing of his second application (May 28, 1998).   See Miller , 141 F.3d at 978 (indicating that equitable tolling principles apply only where a prisoner has diligently pursued his federal habeas claims);   see also  Davis v. Johnson  , 158 F.3d 806, 811 (5th Cir. 1998) (AEDPA's one-year limitation period will be equitably tolled only "in rare and exceptional circumstances"),    cert. denied , 119 S. Ct. 1474 (1999).

Because Bates has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY his application for a certificate of appealability and DISMISS the appeal.  Bates' application for certification of questions to state court is DENIED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge